UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IRSON B. VALENTIN, III,

                    Plaintiff,

-against-

VINCENT J. CZUBAK; P. BRAHM; and ANTHONY M. MELE,

                    Defendants.

21-CV-4949 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained at the Orange County Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants denied him access to the law library at OCCF and the services of a notary public. By order dated June 17, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court dismisses the complaint for failure to state a claim, with 30 days' leave to amend.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff brings this complaint against correctional staff at OCCF, asserting that staff (1) denied him access to the law library and a notary public and (2) ruled on his grievances unfavorably. Plaintiff names as Defendants Vince J. Czubak, a "law library officer"; Sergeant P. Brahm, a grievance coordinator; and Anthony M. Mele, a corrections administrator. Plaintiff seeks money damages.

The following facts are taken from the complaint: In April 2021, Plaintiff notified correctional staff that he needed access to OCCF's law library and the services of a notary public during the week of April 21, 2021. Czubak, who worked in the library, denied Plaintiff access to both, in violation of OCCF's internal policies. (ECF 2, at 5.) Plaintiff alleges that he required a notary for his state petition for a writ of *habeas corpus*, which he ended up being "unable to file . . . to secure [his] release through bail reform." (ECF 2, at 5.)

After these alleged denials, Plaintiff filed a grievance, which Brahm denied, stating that Plaintiff "was not a Pro Se inmate." (*Id.* at 6.) Plaintiff appealed, and Mele denied the grievance as to the challenge regarding the law library, but granted the grievance as to the denial of the notary. A final ruling on the grievance took two weeks. (*Id.* at 6.)

In a letter dated June 21, 2021, and received by the Court on June 25, 2021, Plaintiff stated that his sentencing was scheduled for July 8, 2021. (ECF 5.)

## DISCUSSION

**A.     Access-to-courts claim**

Because Plaintiff alleges that correctional staff denied him access to the law library and the services of a notary public, the Court construes the complaint as asserting an access-to-courts claim.[2]

Prisoners "have a constitutional right of access to the courts," and this right generally "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92-93 (2d Cir. 2004) (quoting *Bounds v. Smith,* 420 U.S. 817, 821, 828 (1977)). "[P]rison law libraries and legal assistance programs are not [constitutionally mandated] ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351 (1996) (internal quotation marks omitted).

To state an access-to-courts claim, a plaintiff must allege facts suggesting that he has a valid underlying cause of action separate from the right-of-access claim, in which the defendant's actions hindered the litigation of that claim, causing an actual injury to the plaintiff. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353). Individuals who are imprisoned "cannot establish relevant actual injury simply by establishing that [a] prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351.

---

[2] "[T]he Supreme Court has grounded the right of access to the courts in the Privileges and Immunities Clause of Article IV, the Petition Clause of the First Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Equal Protection Clause of the Fourteenth Amendment." *Bourdon*, 386 F.3d at 95 (citation omitted).

Moreover, prison law libraries are "one constitutionally acceptable method to assure meaningful access to the courts," *id.*; the assignment "of counsel [also] can be a means of accessing the courts," *Benjamin v. Fraser,* 264 F.3d 175, 186 (2d Cir. 2001). "Because attorneys, by definition, are trained and qualified in legal matters, when a prisoner with appointed counsel claims that he was hindered by prison officials in his efforts to defend himself or pursue other relevant legal claims, he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff fails to state an access-to-courts claim for two reasons. First, Plaintiff does not identify any "nonfrivolous, 'arguable' underlying claim," *Harbury*, 546 U.S. at 415, as he does not state any facts suggesting that his application seeking *habeas corpus* relief had any merit; Plaintiff's scheduled sentencing suggests otherwise. Second, even assuming that his *habeas corpus* petition did have merit, he does not state any facts suggesting that he lacked access to an attorney, who on Plaintiff's behalf, would have been capable of pursuing any meritorious claim for *habeas corpus* relief. With respect to Plaintiff's writ, Plaintiff states that his grievance was initially denied because he was not proceeding *pro se*, indicating that he had an attorney. Thus, any delay in the decision to grant the grievance in Plaintiff's favor, with respect to his accessing a notary public, fails to suggest any denial of his access to the court to file his writ, as Plaintiff's attorney could access the court to do so.

Because Plaintiff has not pleaded facts suggesting that he was hindered from pursuing an arguably meritorious legal claim, and the representation of counsel establishes constitutionally acceptable access to the court, Plaintiff's allegations are insufficient to state an access-to-courts claim.

B.     **Denial of Grievance**

Because Plaintiff names as Defendants two individuals who ruled on his grievances and asserts that Brahm required two weeks to grant in part Plaintiff's grievance, the Court assumes that Plaintiff seeks to challenge the processing of his grievance by these two individuals. But the violation of state laws and procedures, without more, does not give rise to a claim under section 1983. *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983."); *e.g.*, *Davis v. N.Y. State Div. of Parole*, No. 07-CV-5544, 2008 WL 3891524, at *5 (S.D.N.Y. Aug. 20, 2008) ("[A] claim of a violation of a state law procedural requirement does not give rise to a section 1983 claim in the absence of a constitutional violation."); *Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. 2003) ("Violations of state law procedural requirements do not alone constitute a deprivation of due process since federal constitutional standards rather than state law define the requirements of procedural due process.") (internal quotation omitted); *see also Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) ("[S]tate statutes do not create federally protected due process entitlements to specific state-mandated procedures."). Because Plaintiff's claim regarding his grievance is grounded in state procedures, and he does not otherwise suggest that any federal constitutional right was violated, he fails to state a claim regarding these allegations. Moreover, any delay in the timing of deciding the grievance, in itself, does not amount to a constitutional violation, even if such delay violated OFCC's internal policies.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

5

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid access-to-courts claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claim. For example, if Plaintiff did not in fact have access to an attorney during the time in which he intended to file his writ of *habeas corpus*, he may state so in any amended pleading.

## CONCLUSION

The Court dismisses the complaint, filed IFP, for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to amend.

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 2, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge