UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRSON B. VALENTIN, III,

                Plaintiff,

-against-

VINCENT J. CZUBAK,

                Defendant.

21-CV-4949 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently incarcerated at Otisville Corretional Facility, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that when he was detained at the Orange County Correctional Facility ("OCCF"), Defendants denied him access to the law library and the services of a notary public. By order dated August 2, 2021, the Court dismissed the complaint for failure to state a claim, with 30 days' leave to amend. Plaintiff filed an amended complaint. For the reasons set forth below, the Court dismiss the amended complaint as well.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

In the original complaint, Plaintiff alleged that in April 2021, he intended to file a state petition for a writ of *habeas corpus*, seeking his release, and requested access to OCCF's law library and the services of a notary public. Defendant Vincent J. Czubak denied Plaintiff access to both, and Plaintiff did not file his *habeas corpus* petition. Plaintiff also named Defendants P. Brahm and Anthony M. Mele, who Plaintiff alleged violated his rights with respect to grievances he filed after Czubak's decision.

The Court construed the complaint as asserting an access-to-courts claim. To state such a claim, the Court noted that Plaintiff needed to allege facts suggesting that he had a valid underlying cause of action separate from his right-of-access claim, and that Defendants hindered the litigation of that claim, causing an actual injury to him. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Court also noted that the assignment "of counsel c[ould] be a means of accessing the courts," *Benjamin v. Fraser*, 264 F.3d 175, 186 (2d Cir. 2001), and that

> [b]ecause attorneys, by definition, are trained and qualified in legal matters, when a prisoner with appointed counsel claims that he was hindered by prison officials in his efforts to defend himself or pursue other relevant legal claims, he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts.

*Bourdon v. Loughren*, 386 F.3d 88, 98 (2d Cir. 2004).

The Court dismissed the complaint because Plaintiff did not identify a "nonfrivolous, 'arguable' underlying claim," *Christopher v. Harbury*, 536 U.S. 403, 415 (2002), and, even if he had, he failed to allege any facts suggesting that he lacked access to an attorney, who on Plaintiff's behalf, could pursue any meritorious claim for *habeas corpus* relief. The Court granted Plaintiff 30 days' leave to state any facts suggesting that he lacked access to an attorney.

In the amended complaint, in which Plaintiff only names Czubak, Plaintiff restates the same facts but also states that his

>attorney being incompeten[t] & inadequate showed a conflict of interest by not filing for Habeas Corpus relief on [Plaintiff's] behalf. Attorney stated 'the writ of habeas corpus would frustrate the Judge' if filed, and when attorney was asked again to file a petition, he denied to file. Attorney did not have [his] best interest at heart while dealing with my case. Thus facilitating the need for a 'pro se' writ of habeas corpus petition in state court.

(ECF 10, at 5.)

Plaintiff's new allegations fail to state a claim. The assertion that Plaintiff's attorney was ineffective does not suggest that his attorney was "[in]capable of bringing before the courts the particular effort[ ] [Plaintiff] asserts that he wanted to pursue." *Bourdon*, 386 F.3d at 98. It rather suggests that Plaintiff disagreed with his attorney's decision not to file a *habeas corpus* petition. Because his attorney was capable of filing the petition, Plaintiff cannot assert that he was "hindered from pursuing a particular legal claim." *Id.* Thus, Plaintiff fails to state an access-to-courts claim, and the Court dismisses the amended complaint.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 25, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge